STEPHEN O. EDWARDS, Assignee, *vs.* AMOS C. BARSTOW *et al.*

PROVIDENCE—FEBRUARY 23, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Trusts.  Equitable Liens.  Assignments.*

A testator gave his residuary estate to his sons A. and B. in trust, and after the expiration of three years from his decease to convey said trust estate in equal parts to his children, of whom B. was one. A. and B. were appointed executors of the will. B., being indebted to the testator and to the executors for loans and advances, executed the following instrument: "Received from the executors of the estate of X. —— dollars on account, for the purpose ——, said amount to be charged to me on the books of the estate ——; I further agreeing that for the said amount which I now owe the estate on account and in notes —— that my one-sixth interest in the residuary estate of X. shall stand as a further collateral for the said obligations in so far as the same may be required for the cancellation thereof." B. made an assignment for the benefit of his creditors to the complainant, and resigned as trustee and executor of the estate of X. The three years having expired and there being a surplus of the residuary estate, the complainant requested A., the sole trustee under the will, to transfer to him as assignee of B. the one-sixth of the trust estate directed under the terms of the will to be conveyed to B., but the respondent A. refused so to do. On bill brought to compel such transfer:—

*Held,* that the instrument executed by B. created an equitable lien on his interest in the one-sixth of the trust estate.

*Held,* further, that the complainant succeeded merely to the rights of his assignor, B.

*Held,* further, that the complainant was entitled to the balance only of the residuary trust estate after deducting the indebtedness of B. to the estate.

*Held,* further, that though the agreement was with A. as executor and not as trustee, and though he, as executor, had no control over the real estate constituting the bulk of the trust estate, and could not apply it to the satisfaction of the lien against the consent of another, a trustee, still equity would enforce the lien at his request should it be necessary by reason of the refusal of such trustee to recognize the lien and apply the property to its satisfaction.

BILL IN EQUITY to compel a trustee under a testamentary trust to pay over to the complainant, the assignee of one of the *cestuis*, an interest in the trust estate. Heard on bill, answer, and statement of facts.

MATTESON, C. J. This is a bill to compel the trustee under the will of the late Ames C. Barstow to pay over to the complainant, as assignee of the testator's son George E. Barstow, the one-sixth interest in the testator's residuary estate which the will directs to be paid over to George E. Barstow. The case is before us on bill, answer, and agreed statement of facts, and is as follows: The testator devised and bequeathed his residuary estate, real and personal, to his sons Amos C. and George E. Barstow in trust, to take possession thereof, with power to lease and sell; and when three years after the testator's decease should have elapsed, to pay over, transfer, and convey the trust estate (except so much as should be required to pay a certain annuity to the testator's widow, and taxes and expenses for repairs on the homestead estate during her life) in six equal parts to his children, of whom George E. Barstow, the complainant's assignor, is one. Amos C. Barstow and George E. Barstow were appointed executors of the will, which was probated October 2, 1894.

George E. Barstow, having received loans and advances from the testator and also from the executors, on November 10, 1894, executed and delivered an instrument which reads as follows:

"$25,000. Providence, Nov. 10th, 1894, received from the Executors of the Estate of A. C. Barstow, Twenty-five Thousand Dollars ($25,000) on account for the purpose of payment by me of the Pioneer Canal Co.'s note for $25,000, due the 23d–26th of November, 1894, endorsed by George E. Barstow and A. C. Barstow, said amount to be charged to me on the books of the estate, and to be collateralled by $50,000 of the first mortgage bonds of the Pioneer Canal Co., I further agreeing on my part that for the said amount which I now

owe the estate on account and in notes aggregating about $52,000, that my one-sixth interest in the residuary estate of A. C. Barstow shall stand as a further collateral for the said obligations in so far as the same may be required for the cancellation thereof.

(Signed) GEORGE E. BARSTOW."

George E. Barstow ceased to act as trustee July 9, 1896, and as executor August 11, 1896, since which Amos C. Barstow has acted alone in both capacities.

George E. Barstow made an assignment to the complainant for the benefit of creditors January 28, 1896.

The three years mentioned in the will expired in September, 1897, and there is a surplus of the residuary estate over and above so much as is required to pay the annuity to the testator's widow, and the taxes, assessments, and expenses for repairs and the like on the testator's homestead estate during the lifetime of his widow.

The complainant, after his acceptance of the assignment from George E. Barstow, and after the latter's resignation and removal from his offices of executor and trustee, and after the time appointed in the will for the conveyance and transfer of the residue and remainder of the testator's estate (except the part reserved as stated), requested the respondent Amos C. Barstow, the sole continuing trustee under the will, to convey and transfer to him, the complainant, as assignee, the one-sixth of the trust estate, real and personal, directed to be conveyed and transferred to the respondent George E. Barstow under the terms of the will; but the respondent Amos, trustee as aforesaid, refused and has hitherto refused to make such conveyance and transfer.

The property remaining in the hands of the trustee is mainly real estate.

The question which is now submitted for decision is whether the complainant is entitled to the one-sixth of the testator's residuary estate devised and bequeathed to George E. Barstow, without reference to his indebtedness to the estate, or only to the balance of the one-sixth after deducting the indebtedness.

(1)　Our opinion is that the complainant is entitled to the balance only of the one-sixth of the residuary trust estate after deducting the indebtedness.　In 3 Pom. Eq. Jur. § 1235, it is said, on the subject of equitable liens : "The doctrine may be stated in its most general form, that any express executory agreement in writing whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund therein described or identified, a security for a debt or other obligation . . . creates an equitable lien on the property so indicated, which is enforcible against the property in the hands not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees and purchasers, or incumbrancers with notice."　See also *Hauselt* v. *Harrison*, 105 U. S. 401 ; *Payne* v. *Wilson*, 74 N. Y. 348 ; *Wayt* v. *Carwithen*, 21 W. Va. 516 ; *Knott* v. *Mfg. Co.*, 30 W. Va. 790.

The instrument of November 10, 1894, quoted above, fulfills these requirements and therefore created an equitable lien on the assignor's interest in the one-sixth of the trust estate.

Though the agreement contained in the instrument is with the respondent Amos C. Barstow as executor, and not in his capacity as trustee, and though the executor, as such, has no possession of or control over the real estate, and therefore could not apply it in satisfaction of the lien against the consent of another, a trustee, we see no reason why he might not resort to equity to enforce the lien should it become necessary by reason of the refusal of such trustee to recognize the validity of the lien and to apply the property to its satisfaction.

*Edwards & Angell*, for complainant.

*Arnold Green, and Cooke & Angell*, for respondents.